IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHODA V. BASTIDAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-193 |
| ) | |
| MICHAEL J. ASTRUE, ) | Judge Donetta W. Ambrose |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. Synopsis

This matter comes before the Court on the parties' cross-motions for summary judgment, which have been filed pursuant to Federal Rule of Civil Procedure 56. Doc. Nos. 8 & 11. The Court has jurisdiction in this case pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the Plaintiff's motion for summary judgment (*Document No. 8*) will be denied, the Defendant's motion for summary judgment (*Document No. 11*) will be granted, and the administrative decision of the Commissioner of Social Security ("Commissioner") will be affirmed.

### II. Procedural History

Plaintiff Rhoda V. Bastidas ("Bastidas") protectively applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("Act") [42 U.S.C. §§ 401-433, 1381-1383f] on October 19, 2006, alleging disability as of September 5, 2006. R. at 117, 121, 134. The applications were administratively denied on February 20, 2007. R. at 86, 90. Bastidas responded on March 12,

1

2007, by filing a timely request for an administrative hearing. R. at 95. A hearing was originally scheduled for June 23, 2008, but it was subsequently postponed at the request of Bastidas' counsel. R. at 104, 110. On December 12, 2008, a hearing was held in Pittsburgh, Pennsylvania, before Administrative Law Judge William E. Kenworthy (the "ALJ"). R. at 62. Bastidas, who was represented by counsel, appeared and testified at the hearing. R. at 64-77. Dr. Fred Monaco, an impartial vocational expert, also testified at the hearing. R. at 77-80. In a decision dated February 3, 2009, the ALJ determined that Bastidas was not "disabled" within the meaning of the Act. R. at 5-17. The Appeals Council denied Bastidas' request for review on January 12, 2010, thereby making the ALJ's decision the final decision of the Commissioner in this case. R. at 1. Bastidas commenced this action on February 11, 2010, seeking judicial review of the Commissioner's decision. Doc. Nos. 1 & 3. Bastidas and the Commissioner filed motions for summary judgment on June 26, 2010, and July 28, 2010, respectively. Doc. Nos. 8 & 11. These motions are the subject of this memorandum opinion.

## III. Standard of Review

This Court's review is plenary with respect to all questions of law. *Schaudeck v. Commissioner of Social Security Administration*, 181 F.3d 429, 431 (3d Cir. 1999). With respect to factual issues, judicial review is limited to determining whether the Commissioner's decision is "supported by substantial evidence." 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-1191 (3d Cir. 1986). Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable

2

amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565,108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)(internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Secretary of Health & Human Services*, 841 F.2d 57, 59 (3d Cir. 1988); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Secretary of Health, Education & Welfare*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

3

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of determining whether a claimant is "disabled" within the meaning of the Act. The United States Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further. At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. §§ 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)(footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision. In *Securities & Exchange Commission v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), the Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing

4

with a determination or judgment which an administrative agency alone is
authorized to make, must judge the propriety of such action solely by the grounds
invoked by the agency. If those grounds are inadequate or improper, the court is
powerless to affirm the administrative action by substituting what it considers to
be a more adequate or proper basis. To do so would propel the court into the
domain which Congress has set aside exclusively for the administrative agency.

*Chenery Corp.*, 332 U.S. at 196. The United States Court of Appeals for the Third Circuit has recognized the applicability of this rule in the Social Security disability context. *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7 (3d Cir. 2001). Thus, the Court's review is limited to the four corners of the ALJ's decision.

## IV. The ALJ's Decision

In his decision, the ALJ determined that Bastidas had not engaged in substantial gainful activity subsequent to her alleged onset date. R. at 10. Bastidas was found to be suffering from gastroesophageal reflux disease ("GERD"), mild to moderate degenerative conditions in the lumbar spine, post-traumatic stress disorder, depression, and fibrocystic breast disease. R. at 10-11. Although Bastidas' fibrocystic breast disease was deemed to be "non-severe," her remaining impairments were found to be "severe" within the meaning of 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). R. at 10-11. The ALJ concluded that Bastidas' impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listing of Impairments" or, with respect to a single impairment, a "Listed Impairment" or "Listing"). R. at 11-13.

In accordance with 20 C.F.R. §§ 404.1545 and 416.945, the ALJ assessed Bastidas' residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the
> residual functional capacity to perform medium work as defined in 20 CFR
> 404.1567(c) and 416.967(c) except that the claimant should avoid dealing with

5

the general public or working as a member of a team. She would have difficulty
in dealing with work that involved intensive supervision.

R. at 13. Bastidas had past relevant work experience as a cashier in a drug store and as an aide in a nursing home. R. at 15. Because these positions had required her to interact with members of the general public, it was determined that she could not return to her past relevant work. R. at 15.

Bastidas was born on May 25, 1954, making her fifty-two years old as of her alleged onset date and fifty-four years old as of the date of the ALJ's decision. R. at 15, 117, 121. She was classified as a "person closely approaching advanced age" under the Commissioner's regulations. R. at 15; 20 C.F.R. §§ 404.1563(d), 416.963(d). She had more than a high school education and an ability to communicate in English. R. at 15, 65, 142; 20 C.F.R. §§ 404.1564, 416.964. Given the applicable residual functional capacity and vocational assessments, the ALJ concluded that Bastidas could work as a document preparer, bench assembler or hand worker. R. at 16. Dr. Monaco's testimony established that these jobs existed in the national economy for purposes of 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). R. at 78-79.

## V.  Discussion

At the fifth step of the sequential evaluation process, "the Commissioner bears the burden of proving that, considering the claimant's residual functional capacity, age, education, and past work experience, [he or] she can perform work that exists in significant numbers in the regional or national economy." *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2003). In certain instances, this burden can be carried solely by reference to the Medical-Vocational Guidelines contained in 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Medical-Vocational Guidelines" or "Rules"). *Heckler v. Campbell*, 461 U.S. 458, 467-470, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

6

Nevertheless, where a claimant has both exertional and non-exertional limitations, the Commissioner cannot rely exclusively on the Medical-Vocational Guidelines, and must present vocational evidence of the existence of jobs in the regional or national economy that are consistent with the claimant's residual functional capacity and vocational background. *Sykes v. Apfel*, 228 F.3d 259, 273 (3d Cir. 2000). The vocational evidence presented by the Commissioner typically consists of vocational expert testimony. *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Bastidas argues that the Commissioner failed to satisfy his burden in this case. Her argument centers on a discrepancy between the ALJ's hypothetical question to Dr. Monaco at the hearing and the ultimate residual functional capacity assessment contained in the ALJ's opinion. Doc. No. 9 at 6-11. The ALJ's hypothetical question corresponded with his ultimate residual functional capacity finding with respect to Bastidas' non-exertional limitations, but it referenced an individual who was limited to work at the "light"[1] level of exertion rather than an individual who was limited to work at the "medium"[2] level of exertion. R. 13, 78. In response to the hypothetical question, Dr. Monaco identified document preparer, bench assembler and hand worker positions, which were classified as *light* jobs. R. at 78-79. He did not identify any *medium* jobs, since the ALJ's hypothetical question had referred to an individual who could perform only *light* work. R. at 78-79. The ALJ ultimately concluded that Bastidas could perform *medium* work. In a footnote, the ALJ explained:

> My question to the vocational expert asked him to assume an exertional capacity for light work. Upon further reflection I now find that the evidence supports the

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

7

> capacity for medium work. However, the jobs cited at the light exertional level
> by the vocational expert could be performed by an individual who is physically
> capable of performing medium work.

R. at 16. The ALJ proceeded to rely on Dr. Monaco's testimony as a basis for establishing the existence of jobs in the national economy that were consistent with Bastidas' residual functional capacity and vocational profile. R. at 16.

Bastidas was fifty-four years old on the date of the ALJ's decision, making her a "person closely approaching advanced age" under the Commissioner's regulations. 20 C.F.R. §§ 404.1563(d), 416.963(d). The ALJ's decision was issued just 111 days prior to Bastidas' fifty-fifth birthday. The Commissioner's regulations classify an individual who has reached the age of fifty-five as a "person of advanced age." 20 C.F.R. §§ 404.1563(e), 416.963(e). The regulations expressly provide that the Commissioner "will not apply the age categories mechanically in a borderline situation," and that a claimant who is "within a few days to a few months of reaching an older age category" may sometimes be treated as if he or she were already within that "older age category." 20 C.F.R. §§ 404.1563(b), 416.963(b). In *Kane v. Heckler*, 776 F.2d 1130, 1133 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit explained that the existence of a "borderline situation" requires "a more individualized determination" concerning a claimant's capabilities than that required where the claimant falls comfortably within a particular "age category."

Had the ALJ found Bastidas to be capable of performing only *light* work (rather than *medium* work), Medical-Vocational Rule 202.13 would have directing a finding of "not disabled," since Bastidas was a "person closely approaching advanced age." 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2. On the other hand, had the ALJ found Bastidas to be capable of performing *light* work and treated her as a "person of advanced age" rather than as a

8

"person closely approaching advanced age," Medical-Vocational Rule 202.04 would have directed a finding of "disabled." *Id.* Nevertheless, because Bastidas was found to be capable of performing a limited range of *medium* work, the ALJ used Medical-Vocational Rule 203.22 as a "framework for decisionmaking" in determining that a finding of "not disabled" was warranted. R. at 16.

Bastidas argues that the Commissioner was required to establish the existence of *medium* jobs (rather than only the existence of *light* jobs) consistent with her residual functional capacity. Doc. No. 9 at 6-11. This argument, however, is directly refuted by the Commissioner's regulations, which expressly provide that an individual who is capable of performing medium work is *ipso facto* capable of performing light work. 20 C.F.R. §§ 404.1567(c), 416.967(c). Since the regulations are "crystal-clear" with respect to this matter, the Commissioner's burden at the fifth step of the sequential evaluation process was satisfied by Dr. Monaco's identification of light jobs. *Allen v. Barnhart*, 417 F.3d 396, 407 (3d Cir. 2005). It is of no significance that Bastidas' "borderline" age might have warranted a finding of "disabled" if she had been capable of performing only light work, since she was found to be capable of performing medium work in any event.

The United States Court of Appeals for the Third Circuit has consistently held that vocational expert testimony is not probative of the availability of jobs in the national economy consistent with a claimant's residual function capacity under circumstances in which the vocational expert has not been made aware of one or more of the claimant's credibly established functional limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 553-554 (3d Cir. 2005); *Ramirez v. Barnhart*, 372 F.3d 546, 552-555 (3d Cir. 2004); *Burns v. Barnhart*, 312 F.3d 113, 122-124 (3d Cir. 2002); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Nonetheless, in this case,

Bastidas points to no limitation that was erroneously omitted from the ALJ's hypothetical question. Instead, she appears to argue that Dr. Monaco's testimony was defective because the ALJ's hypothetical question was *more* restrictive than his ultimate residual functional capacity finding. This argument has no merit. In *Smith v. Astrue*, Civil Action No. 08-1004, 2009 WL 3232114, 2009 U.S. Dist. LEXIS 92161 (M.D.Fla. Oct. 2, 2009), the United States District Court for the Middle District of Florida rejected a similar argument by stating as follows:

> Essentially, Plaintiff is arguing that limitations included in a hypothetical posed to a VE must be reflected in an ALJ's ultimate findings. Whereas the reverse holds true, there is no reason to require a judge to accept the existence of a limitation simply because it was added to a hypothetical question. If a VE determines an individual can perform a certain job despite the inclusion of restrictions not eventually recognized by an ALJ, *ipso facto* the job could still be performed by a less hindered person.

*Smith*, 2009 WL 3232114, at *3, 2009 U.S. Dist. LEXIS 92161, at *7-8 (emphasis in original). The reasoning employed by the District Court in *Smith* applies with equal force in this case. Since the jobs identified by Dr. Monaco were compatible with an individual who was limited to light work, it follows *a fortiori* that they were compatible with a "less hindered" individual who could perform medium work.[3]

In a footnote, Bastidas appears to take issue with the ALJ's finding that she was capable of engaging in medium work activities. Doc. No. 9 at 6, n. 16. Notwithstanding Bastidas' implicit attempt to undermine the ALJ's residual functional capacity finding, a careful review of the record reveals that the ALJ's determination was based on uncontradicted medical evidence. Based on a consultative physical examination performed on January 22, 2007, Dr. Charles

---

[3] Bastidas contends that the ALJ engaged in "pure speculation" concerning the availability of medium jobs in the national economy consistent with his ultimate residual functional capacity finding. Doc. No. 9 at 11. This argument misses the point. Even if *no* medium jobs consistent with Bastidas' limitations existed in the national economy, the Commissioner's burden at the fifth step of the sequential evaluation process was still satisfied by Dr. Monaco's identification of *light* jobs consistent with those limitations, since a claimant who can perform medium work is conclusively presumed to be capable of performing light work. 20 C.F.R. §§ 404.1567(c), 416.967(c).

10

Diederich reported that Bastidas had *no physical limitations.* R. at 307-314. Melanie Lochner, a non-examining medical consultant, opined on February 6, 2007, that Bastidas was capable of performing the full range of medium work. R. at 315-321. The non-exertional limitations found by the ALJ were based on the results of a consultative psychological evaluation of Bastidas performed on July 18, 2008, by Dr. Charles M. Cohen. R. at 13-15, 322-327. Subsequent to this evaluation, Dr. Cohen indicated that Bastidas could not be subjected to intensive supervision, work as a member of a team, or deal with members of the general public. R. at 325. These limitations were incorporated within the ALJ's residual functional capacity assessment. R. at 13. Bastidas points to no evidence which contradicts that assessment. Given that Bastidas cannot show that she was capable of performing only light work, her argument concerning the ALJ's failure to consider her "borderline" age situation is inconsequential. Doc. No. 9 at 12-16.

## VI. Conclusion

The Commissioner's decision denying Bastidas' applications for DIB and SSI benefits is "supported by substantial evidence" within the meaning of § 405(g). Accordingly, Bastidas' motion for summary judgment will be denied, the Commissioner's motion for summary judgment will be granted, and the Commissioner's administrative decision will be affirmed.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHODA V. BASTIDAS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-193 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) Judge Donetta W. Ambrose |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 28th day of Oct., 2010, for the reasons stated in the foregoing memorandum opinion, IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment (*Document No. 8*) is **DENIED**, and that the Defendant's Motion for Summary Judgment (*Document No. 11*) is **GRANTED**. In accordance with the fourth sentence of 42 U.S.C. § 405(g), the administrative decision of the Commissioner of Social Security is hereby **AFFIRMED**.

Donetta W. Ambrose
United States District Judge

cc: All counsel of record